892 F.2d 1049
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COSTELLO INDUSTRIES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1700.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1989.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and BISSELL, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 ORDER
 
 1
 Costello Industries, Inc. moves "to abate the briefing schedule pending resolution of the issue of jurisdiction." The United States moves to dismiss for lack of jurisdiction. Costello opposes the motion to dismiss.
 
 
 2
 Pursuant to a construction contract with the government, Costello was required to repair and seal cracks on certain runways. Some of the joint sealant subsquently failed. In the fall of 1981, a contracting officer directed Costello to remove and replace 100% of the "apparently defective" product. Costello contended that only 10% was defective, performed the work under protest, and filed a claim for the cost of the repair work.
 
 
 3
 The contracting officer denied Costello's claim. Costello appealed to the Armed Services Board of Contract Appeals. On June 14, 1989, the Board issued its decision:
 
 
 4
 Having found that the joint sealant work, as performed by appellant, did not meet the requirements of the contract, we hold that the contracting officer was justified in requiring appellant to replace the joint sealant, both on the basis of its latent defectiveness which prevented the acceptance from becoming final and on the basis of the warranty provisions of the contract. We hold, however, that the Government has not established that 100 percent of the joint sealant installed by appellant during the initial performance failed. We, therefore, remand the matter to the contracting officer for determination concerning the amount of joint sealant which may not have failed and for an appropriate contract adjustment reflecting repair work which may not have been required to effect repairs to non-failed work. In the event it is determined that all the material failed, notwithstanding the fact that such failure may have occurred after the one-year warranty period, no adjustment shall be made.
 
 
 5
 Here, Costello questions whether the Board's order is appealable at this time, but requests that the question be resolved in favor of finding jurisdiction. The United States moves to dismiss.
 
 
 6
 In Dewey Electronics Corp. v. United States, 803 F.2d 650 (Fed.Cir.1986), this court determined that we had jurisdiction over a Board case where the contracting officer decided only entitlement, the Board reviewed only entitlement, and the Board remanded to the contracting officer to determine quantum. In Teller Environmental Systems, Inc. v. United States, 802 F.2d 1385 (Fed.Cir.1986) this court determined that we lacked jurisdiction over a Board case where the contracting officer decided entitlement and quantum, the Board reviewed entitlement and quantum, and the Board remanded to the parties to determine "reasonable damages." In those cases, we determined that we would have immediate appellate jurisdiction only where the Board reviewed all of the matters decided by the contracting officer and no remand was necessary to further address those matters.
 
 
 7
 In this case, the contracting officer decided that Costello was not entitled to any recovery for its repair work because Costello's sealant had failed. The Board reviewed the determination and remanded for a further determination of the amount of sealant, if any, that did not fail. Accordingly, pursuant to the principles set forth in Dewey and Teller, the Board's decision is not presently appealable.*
 
 
 8
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 9
 (1) The United States' motion to dismiss is granted.
 
 
 10
 (2) Costello's motion to abate the briefing schedule is moot.
 
 
 
 *
 On October 23, 1989, Costello informed the court that the contracting officer had rendered a decision on remand